UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD FOSTER,<br><br>                      Plaintiff,<br><br>v.<br><br>JET AVIATION FLIGHT SERVICES, INC., JET AVIATION HOLDINGS USA, INC., BERNARD CARLISLE, WILLIAM BEUKA, and DONALD HALOBURDO,<br><br>                      Defendants. | Civil Action No. 18-15767 (WJM)<br><br><u>**OPINION**</u> |

**FALK, U.S.M.J.**

This is an employment discrimination case. Before the Court is Plaintiff Ronald Foster's motion for leave to amend his Complaint. Plaintiff seeks leave to add five defendants, members of senior management of his former employer, and to assert new claims for wrongful termination and failure to rehire on account of race and age. (CM/ECF No. 67.) Defendants oppose the motion. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **granted** in **part and denied in part.**

## BACKGROUND

### A. *Factual background and procedural history*

Plaintiff, Ronald Foster ("Plaintiff" or "Foster"), is a 65-year-old African American man. Defendant Jet Aviation Flight Services, Inc. ("JAFS") is an entity in the business of providing private jet charter services.

Foster was hired by JAFS in August 2014, as an accounting manager.[1] (Second Am. Compl. ¶¶ 35-37.) According to Plaintiff, during the course of his employment with JAFS, two of its officers, Defendants William Beuka ("Beuka") and Donald Haloburdo ("Haloburdo"), told him that he would be promoted to Controller upon the then-Controller's retirement. (Id. ¶¶ 56-73.) The Controller retired in December 2016. At around the same time, Defendant Bernard Carlisle ("Carlisle"), another officer of JAFS, allegedly made disparaging remarks about Foster's age, implying that Plaintiff should not be promoted to Controller because he was too old. (Id. ¶¶ 79-80.) Foster claims Carlisle, along with Beuka and Haloburdo, collectively denied him the promotion on account of Plaintiff's age and race. (Id. at ¶¶ 74-80.) Beuka and Haloburdo are both Caucasian and younger than Plaintiff. (Id. ¶¶ 51-55.) According to Foster, the person hired as the new Controller was Caucasian, markedly younger than Plaintiff, and less qualified than him. (Id. ¶¶ 109-114; Proposed Third Am. Compl. ("TAC") ¶¶ 115-121.)

---

[1] Plaintiff alleges he was employed by JAFS, as well as its related entities. *See infra* n. 2.

In March 2018, Plaintiff filed a Charge of Discrimination ("EEOC Charge") with the Equal Employment Opportunity Commission. ("TAC" ¶¶ 6, 126.) The Charge asserted that Defendants denied Plaintiff a promotion in December 2016, on account of race and age discrimination.

On November 7, 2018, Foster filed a Complaint against JAFS, and its related companies[2], asserting claims of age and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.*, as well as breach of contract and other state law claims. Plaintiff amended his Complaint twice[3], adding Carlisle, Beuka and Haloburdo as defendants.[4] Thereafter, The Court entered an Order on July 30, 2019, referring the case to mediation and staying the matter for 60 days. Mediation was unsuccessful. On September 25, 2019, Defendants filed an Answer to the Second Amended Complaint. (CM/ECF No. 37.)

Foster continued to be employed by JAFS after commencement of this lawsuit. On April 20, 2020, Foster was furloughed. (TAC. ¶ 136.) Plaintiff was terminated on May 22, 2020. Following his termination, Plaintiff applied for the open position of

---

[2] The Complaint named as defendants Jet Aviation Holdings USA, Inc. and General Dynamics Corporation, two companies which Plaintiff claims are related to JAFS, and share common owners, employees, and policies on age and race discrimination. (Compl. ¶¶ 13-19.)
[3] Plaintiff filed a First Amended Complaint and Second Amended Complaint on May 28, 2019 and September 4, 2019, respectively. (CM/ECF Nos. 21, 34.)
[4] Answers to the Complaint and First Amended Complaint were filed on January 28, and June 18, 2019, respectively. (CM/ECF Nos. 9 and 23.) The Court entered an Order on July 30, 2019, referring the case to mediation and staying the matter for 60 days. Mediation was unsuccessful.

"Holdings Accounting Specialist" at JAFS.  Plaintiff was not rehired despite allegedly being qualified for the job.

At the outset of the litigation, the Court entered a Scheduling Order which was amended several times.  The most recent amended Scheduling Order entered November 23, 2020, closes discovery on February 28, 2021.  Shortly after Plaintiff's termination by JAFS, Plaintiff requested and was granted permission to file the instant motion for leave to amend.

### B. *Foster's motion to amend*

Foster now seeks leave to amend his Complaint to add five members of the JAFS senior management team as defendants ("Individual Defendants")[5] and assert 18 new counts under the ADEA and NJLAD for retaliatory and ageist wrongful discharge and failure to hire which allegedly arose after the commencement of this lawsuit. Specifically, Plaintiff seeks to add causes of action for alleged retaliation and discrimination by five JAFS members and Carlisle which he claims participated in the decision to furlough and terminate him in April and May 2020, and to not rehire him at JAFS despite having open positions.  Specifically, Plaintiff seeks to allege that the wrongful actions of Carlisle and the Individual Defendants were committed in retaliation for Plaintiff's filing of the EEOC Charge and this lawsuit.  Plaintiff also seeks to assert claims against certain Individual Defendants and Carlisle for aiding and

---

[5] Plaintiff seeks to add as defendants Jean Stefanski, an HR Manager, David Best, Senior Vice President of U.S. Operations, David Paddock, a Vice President, Kenneth Pires, and Susan Seibel.

abetting the alleged age discrimination. (TAC ¶¶ 247-286.)

Defendants oppose the amendment on futility grounds. Noting that Defendants eliminated the position of Controller in its reorganization, Defendants contend that Plaintiff cannot state a *prima facie* claim for discriminatory discharge. (Def.'s Br. at 4-5.) Defendants further argue that Plaintiff's proposed Third Amended Complaint fails to assert facts which would support an inference that age played any role in Plaintiff's furlough and termination. Pointing out that 26 months transpired between Plaintiff's filing of the EEOC Charge and his termination, Defendants contend that Plaintiff's claim for retaliation must fail because there is no plausible causal link between Plaintiff's actions and the May 2020 termination.

## DISCUSSION

### A. Legal standard

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970). Prejudice to the non-moving party has long been the "touchstone" for the denial of leave to amend. *Mullin v. Balicki*, 875 F.3d 140 (3d Cir.

2017); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust").

Although tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims:

> If a proposed amendment is not <u>clearly</u> futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well- grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (emphases added) (citations omitted); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990). Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ." *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Thus, "[i]f a proposed amendment is not <u>clearly</u> futile, then denial of leave to amend is improper." *Harrison Beverage*, 133 F.R.D. at 468 (emphasis added); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990).

B. *Analysis*

The Court finds, for the limited purpose of this motion, that Plaintiff's proposed claims against JAFS[6] are not so clearly futile to warrant denial of leave to amend. Defendants' opposition on futility grounds contains largely merits-based arguments—something the Court does not consider on a motion to amend. However, the Court finds that the allegations against the Individual Defendants and Carlisle on the newly proposed claims are insufficient and conclusory, warranting denial, without prejudice, of those proposed claims.

By way of example, Defendants contend that Plaintiff's "allegation completely lacks any plausible suggestion of a causal connection between Plaintiff's March 2018 EEOC Charge and his May 2020 termination." (Def.'s Br. at 8.) Defendants base this argument largely on the fact that 26 months passed between the protected activity (the EEOC Charge) and the alleged adverse action. That may make Plaintiff's claim against JAFS difficult to prove, but it does not make it futile on its face. Indeed, causation is often termed to be a classic jury issue. *See Marra v. Philadelphia Housing Authority*, 497 F.3d 286, 302-306 (3d Cir. 2007). The point is that Plaintiff need not prove his claim in order to obtain leave to assert it. Plaintiff's proposed claims need only be supported by alleged facts. *See Marlowe Patent Holdings*, 293 F.R.D. at 695. Here, Plaintiff's proposed pleading contains factual allegations that Defendants wanted Plaintiff's employment to end when he filed the EEOC Charge and lawsuit and that they utilized the

---

[6] Reference to JAFS includes its related entity Jet Aviation Holdings USA, Inc. for purposes of this decision.

pandemic and JAFS's reorganization as a pretext to furlough and terminate him. While it is conceivable that a finder of fact may conclude that the JAFS furloughed and terminated Plaintiff for legitimate, non-retaliatory reasons, Plaintiff's claim against JAFS is not necessarily futile. The Court will not weigh the evidence and make a decision on the merits of Plaintiff's proposed claims which is arguably what it would be doing if it were to deny the motion for leave as requested by Defendants.

Referring to the elements of an age discrimination claim,[7] Defendants contend that Plaintiff does not state a claim for retaliatory discharge because he does not allege that Defendants replaced him with someone younger. (Def.'s Br. at 5.) But that is not entirely accurate—at least from Plaintiff's point of view. It appears that Plaintiff seeks to allege that the "Controller" position essentially became known as "Finance Director", and that he was not promoted due to his age. Plaintiff also claims that the person who replaced the former Controller (now Finance Director) was younger and less qualified than him. These are mere allegations. They may or may not have merit. But the Court will not make a determination as to the merits of Plaintiff's claims when deciding whether to allow him to assert them.

By contrast, Defendants' futility argument as it relates to Plaintiff's proposed claims against the Individual Defendants and Carlisle under the NJLAD for aiding and abetting age discrimination and unlawful retaliation has merit. Defendants argue that the

---

[7] To state a *prima facie* claim of age discrimination, a plaintiff must establish: (1) he was over forty at the time in question; (2) he was qualified for the position; (3) adverse action was taken against him; and (4) he was replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. *See Smith v. N3 Oceanic,, Inc*., 717 Fed. Appx. 162, 164-65 (3d Cir. 2017*); Bergen Commercial Bank v. Sisler*, 157 N.J. 188, 218 (1999).

proposed amended complaint fails to state a claim against the Individual Defendants and Carlisle because it is insufficiently pleaded against them. *Ashcroft v. Iqbal*, 566 U.S. 662 (1992); *Hurley v. Atl. City Police Dept.*, 174 F.3d 95, 129 (3d Cir. 1999). Specifically, the proposed new claims are conclusory and don't allege sufficient facts, if accepted as true, to establish aiding and abetting liability. The Court agrees. For these reasons, any potential new claims against the Individual Defendants and Carlisle are futile and the request to add them is denied without prejudice.

Accordingly, Plaintiff's request for leave to amend is granted in part and denied in part.[8]

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend his Complaint is **granted in part, and denied in part.**

                                        **MARK FALK**
                                        **United States Magistrate Judge**

**Dated: February 19, 2021**

---

[8] Although prejudice is not argued at length by the parties, the Court finds that no party will suffer prejudice by the amendment. Discovery is not set to close until February 28, 2021. (CM/ECF No. 73.) Despite the age of the case, written discovery has been completed but the parties have yet to take depositions. (Id.) Discovery is not over and the case will not be delayed by any amendment. Plaintiff requested permission and timely filed his motion to amend. No prejudice will occur as a result of Plaintiff's amendment. *See Mullin*, 875 F.3d at 150 (prejudice to the non-moving party is the "touchstone" for the denial of leave to amend).